HORACE WALDO FORSTER, Plaintiff, v. ACTON CIVILL AND OLIVER S. CARTER, Defendants.

*Legacy — when charged upon real estate by a residuary clause.*

The testator by his will bequeathed nine specific legacies, amounting in the aggregate to $57,000. He made no specific devise of any of his real estate, but devised and bequeathed to his wife, "all the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever."
*Held,* that the legacies were charged upon the real estate.

Controversy submitted upon admitted facts, under section 1279 of the Code of Civil Procedure.

The defendant refused to accept a deed of certain lots which they had agreed to purchase of the plaintiff, on the ground that the title was defective, in that the land was charged with the payment of certain legacies contained in the will of one Alexander C. Poillon, who owned the premises at the time of his death.

The plaintiff had purchased the lots at a sale under a decree of foreclosure in an action to which the executors and widow and residuary devisee of Alexander C. Poillon. but none of his legatees, were made parties defendants.

*George H. Forster*, for the plaintiff. The will of Alexander C. Poillon does not charge the legacies upon his real estate. (*Lupton* v. *Lupton*, 2 Johns. Ch., 623; *Reynolds* v. *Reynolds*, 16 N. Y., 257; *Myers* v. *Eddy*, 47 Barb., 263; *Bevan* v. *Cooper*, 72 N. Y., 317; *Dunham* v. *Minard*, 4 Paige, 441; *Shulter* v. *Johnson*, 38 Barb., 80; *Kinnier* v. *Rogers*, 42 N. Y., 431.)

*J. W. Feeter*, for the defendants. The legacies bequeathed in and by the will of Alexander C. Poillon, deceased, are a charge upon all the real estate of which he died seized. (*Hoyt* v. *Hoyt*, 17 Hun, 192; *Bevan* v. *Cooper*, 72 N. Y., 317; *Taylor* v. *Dodd*, 58 id., 335; *Ragan* v. *Allen*, 14 N. Y. Sup. [7 Hun], 537; *Tracy* v. *Tracy*, 15 Barb., 503; *Flynn* v. *Croniken*, 9 How. Pr., 214; *Lewis* v. *Darling*, 16 How. [U. S.] Rep., 1; *Goddard* v. *Pomeroy*, 36 Barb., 546–557.) Said legacies being a charge on said real estate can only cease to be a charge and incumbrance by: (1) payment; (2) release; (3) by judgment in a suit in which said legatees, or their representatives, are made parties. It must, therefore, affirmatively appear that the lien of these legatees against said lots has been discharged or removed. (*Jenkins* v. *Freyer*, 4 Paige, 47.) A purchaser taking title through the will is charged with notice, and takes subject to the legacies. (*Harris* v. *Fly*, 7 Paige, 421.)

Davis, P. J.:

The question in this case depends altogether upon the construction to be given to the will of Alexander C. Poillon. That will bequeaths nine specific legacies, amounting in the aggregate to $57,000. The will contains no specific devise of any of the real estate, but after bequeathing the several legacies to the persons therein respectively named, it proceeds as follows: "All the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever, I give, devise and bequeath to my beloved wife, Adeline L. Poillon, to have and to hold to her, her heirs and assigns, forever."

The question is, whether this residuary devise and bequest of the rest, residue and remainder of the testator's estate, real and personal, whatsoever and wheresoever, operates to charge the

several bequests above mentioned upon the real estate, in default of personal property out of which the same can be paid.

The personal property is shown to have been altogether insufficient to pay the testator's debts, and the several bequests must totally fail unless they are to be regarded as charged upon the real estate. There is nothing in the will by which the words, "the rest, residue and remainder," can be taken distributively *reddendo singula singulis* under the rule laid down by Chancellor KENT in *Lupton* v. *Lupton* (2 Johns. Ch., 614), because there is an entire absence of language indicating an intent on the part of the testator that the bequests shall be paid solely out of personal property, and also an absence of any devise of any portion of the real estate from which, under that rule, the words, "rest, residue and remainder," in respect of real estate, can be held to mean such as is not otherwise devised by the will.

The cases in this State, therefore, very clearly establish that these bequests are a charge upon the real estate, because the language of the will blends the entire estate, both real and personal, into one residue after giving the legacies, and indicates the intention of the testator to be to give, by the residuary clause, only such residue as shall be found to remain after the satisfaction of the previous dispositions of the will. (*Taylor* v. *Dodd*, 58 N. Y., 335; *Regan* v. *Allen*, 14 N. Y. S. C., 537; *Roman Catholic Church* v. *Wachter*, 42 Barb., 44; *Shulters* v. *Johnson*, 38 id., 80; *Tracy* v. *Tracy*, 15 id., 503.)

The rights of the several legatees named in the will were not cut off by the foreclosure of the mortgage of the United States Life Insurance Company, because they were not made parties to the action, and their interests, whatever they may be, may yet be made the basis of proceedings for redemption against any purchaser under the foreclosure sale.

It follows, therefore, that the plaintiff's title to the five lots described in the case made is not free from incumbrance, and that the defendant is entitled to judgment according to the stipulation of the submission.

BRADY and BARRETT, JJ., concurred.

Judgment on the case submitted ordered for the defendant.